RUSSELL H. BENNETT v. ALLEN SMITH, FOR USE OF ARCHIBALD NEWTON AND WILLIAM BARTHOLOMEW.

*Bill of particulars—Assumpsit between joint owners—Res gestæ—Striking out evidence.*

There can be no recovery for items not in the bill of particulars, nor for more than it alleges.

A witness testified that a certain large quantity of logs were in the possession of a party named, but on cross-examination admitted that he had no personal knowledge about more than three or four of the logs. *Held* that his testimony should have been struck out.

In an action involving the settlement of accounts, figuring done by one of the parties when they were trying to settle may be admissible as *res gestœ*.

B and S agreed that S should buy and lumber some pine lands on their joint account. B was to furnish the funds and be repaid out of the proceeds of the sales of the logs, the surplus being equally divided between the two. It was then agreed that B should take the logs at a certain price and that they should be settled for under the terms of the first contract. *Held* that after deducting B's advances from the value of the logs, the remainder belonged to B and S in equal shares. The share of each being determined, and there being only two persons interested, there is no difficulty in determining the price to be paid by B to S, and assumpsit lies to recover it.

Error to the Superior Court of Detroit.    Submitted January 10.    Decided January 21.

ASSUMPSIT.    Defendant brings error.

*Atkinson & Atkinson* for plaintiff in error.    An undivided interest cannot be recovered in a suit at law, Lindley on Partnership, 922; *Bovill v. Hammond*, 6 B. & C., 149; *Goddard v. Hodges*, 1 Cr. & M., 33; *Milburn v. Codd*, 7 B. & C., 421; *Holmes v. Higgins*, 1 B. & C., 74; *Lucas v. Beach*, 1 M. & Gr., 417; *Ross v. Cornell*, 45 Cal., 133.

*D. C. Holbrook* for defendant in error.    The amount and price stated in a bill of particulars does not limit the quantity that may be shown.    *Smith v. Hicks*, 5 Wend., 48.

CAMPBELL, C. J.    Smith sued Bennett for the price of certain logs.    Part of these had belonged to Smith and were bargained at eight dollars a thousand.    The remainder were logs belonging to Smith and Bennett, for which Bennett was to pay the concern seven dollars and fifty

cents a thousand. One principal question is whether Bennett can be sued for these logs of the joint ownership in this action. To determine this it is necessary to look at the facts.

In December, 1872, Smith agreed to buy on joint account certain lands to be owned in common, and to cut the pine timber on joint account,—the proceeds thereof to be divided equally after repaying the lumbering expenses and advances made by Bennett. Bennett was to have the right to purchase the logs on terms to be agreed on. In March, 1873, it was agreed he should take them under the contract terms at seven dollars and fifty cents. At the same time he bargained for Smith's other logs.

To ascertain, therefore, what Bennett owed Smith it was only necessary to deduct from the value of the logs Bennett's advances and divide the balance by two. Bennett was to make and did make the advances for buying the land and for expenses.

As there were only two persons interested in this bargain, we can see no practical difficulty in determining the price to be paid to Smith by Bennett. It involves nothing in the nature of partnership accounts beyond the disposal of an ordinary trial at law.

The court below was, we think, in error in allowing only $200 instead of $400 to be deducted from the gross value of the logs before dividing the balance. The contract expressly recognized Bennett's right to be repaid the whole advances for land as well as for other expenses, as a joint debt to him, and until those debts were paid there was nothing to divide. The joint profits only included what was left after payment of debts. Smith had his half of the land and of the net proceeds of the lumber at no cost to himself, but as profits of the venture, in which his labor offset the advantage derived from the money advanced by Bennett.

Certain logs marked with an oxbow were allowed to be recovered for at $4.25 a thousand. The bill of par-

ticulars enumerated two million feet of logs at $7.50 and $8.00 a thousand, and these were the agreed prices of the contract logs.    We do not think the smaller parcel at a different price could under these circumstances be included.    And it was also irregular to allow a recovery for more than the bill of particulars alleged.    But as both of these defects can be amended, they will not be of much importance hereafter.

It was error to allow the testimony of a witness to stand after he had sworn on cross-examination that he had no personal knowledge about more than one or possibly three or four logs out of a large amount he had sworn to have been in Bennett's possession.

As we understand the record, there was evidence that Bennett had paid $2,000 into bank to the credit of Smith, and had in addition paid several drafts on himself drawn by Smith, which had been returned to Smith as he claims as vouchers by the bank for his $2,000.    As the testimony stands it does not appear how this could be. Smith could swear to nothing about the use of his funds on any orders from himself, and the bank could not pay them out on Bennett's order, and there is in the record no evidence that it was either done or authorized.    As the case is presented on the papers we do not see what right there was to deduct this $2,000 from the amounts advanced by Bennett.

A paper containing some figuring by Bennett appears in the record.    It was properly received among the *res gestæ*, but does not appear to have any conclusive importance or definite meaning by itself and needs no comment.

. The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.