PEOPLE *v.* WESSEL.

1. CRIMINAL LAW—PRIVILEGE—IMPROPER ARGUMENT—CONSTITUTIONAL LAW.

In prosecution for negligent homicide, it was improper for prosecutor to ask if defendant was to be witness in his own behalf, nor was answer of defendant's counsel that defendant would be witness justification or excuse for prosecutor's comment on defendant's failure to testify (Const. art. 2, § 16; 3 Comp. Laws 1929, § 14218).

2. SAME.
   In prosecution for negligent homicide, it was reversible error for
   prosecutor to state to jury that defendant hadn't denied that
   he was under the influence of liquor, and, on objection by
   defendant's counsel, to state that he was not commenting on
   fact that defendant did not take witness stand (Const. art. 2,
   § 16; 3 Comp. Laws 1929, § 14218).

3. SAME—APPEAL AND ERROR—CURING ERROR.
   Error of prosecutor in commenting, in his argument to jury, on
   defendant's failure to take stand in his own behalf, was not
   cured by court's instruction to jury to be careful to disregard
   said remark entirely.

Appeal from Gogebic; Driscoll (George O.), J. Submitted June 11, 1931. (Docket No. 131, Calendar No. 35,703.) Decided December 8, 1931.

Louis Wessel was convicted of negligent homicide. Reversed, and new trial granted.

*Thomas J. Landers,* for appellant.

*Paul W. Voorhies,* Attorney General, and *William F. Pellow,* Prosecuting Attorney, for the people.

CLARK, J. Defendant, Louis Wessel, was convicted of negligent homicide. His appeal presents several questions, one of which will be discussed—prejudicial argument of the prosecuting attorney.

Defendant did not take the stand as a witness. The argument:

*"Mr. Pellow:*     *     *     *   I stated in my opening statement that I would prove that Louis Wessel was under the influence of liquor, and he hasn't denied it.

*"Mr. Landers:* Now I object to that argument and take exception to it, and ask the court to instruct the jury to disregard it.

*"Mr. Pellow:* I am not commenting on the fact that he didn't take the stand, but I am—

*"The Court:* Now, now, now, Mr. Pellow, that remark is entirely improper.

*"Mr. Pellow:* I am sorry if I went a little too far. It was not my intention, and I will be very careful not to do it again.

*"The Court:* The jury will be very careful to disregard that remark entirely."

The prosecutor called attention to defendant's failure to take the witness stand when he spoke of intoxication, saying, "And he hasn't denied it." And he referred to it explicitly in the remark immediately following, quoted above.

Early in the trial the prosecutor asked if defendant was to be a witness in his own behalf. This was improper. The answer of defendant's counsel that defendant would be a witness is urged as justification or excuse for the argument. It has no connection with it and no tendency to justify it.

The constitutional provision (Constitution, art. 2, § 16) that one cannot be compelled in a criminal case to be a witness against himself is rendered of little or no force if, by adverse criticism or argument, the exercise of the right is treated as a circumstance against him. The only practical way to avoid the burden of such criticism and argument, if permitted, is for defendant to take the stand, and thus he would be deprived of his constitutional right.

Such frustration of the constitutional right was long ago recognized by the legislature, 3 Comp. Laws 1929, § 14218:

"That a defendant in any criminal case or proceeding shall only at his own request be deemed a competent witness, and his neglect to testify shall not create any presumption against him, nor shall

the court permit any reference or comment to be made to or upon such neglect.''

In *People* v. *Lay*, 193 Mich. 17 (L. R. A. 1917B, 608), such remarks are held to be reversible error, and many cases are there cited where such remarks are condemned.

It is said in 16 C. J. p. 901:

''In most jurisdictions, however, the statutes provide that accused's failure to testify shall not create any presumption against him, and generally forbid the prosecution from commenting upon such failure. Under such statutes it is improper and erroneous for the prosecuting attorney to comment upon, or to make any reference in his argument to, accused's neglect or failure to take the stand and testify, either directly or so pertinently as to direct the jury's attention to such fact.''

That the error was not cured by instruction of the court, see *People* v. *Lay, supra,* and *People* v. *Evans,* 72 Mich. 367.

Reversed. Defendant remanded to. custody of sheriff. New trial granted.

BUTZEL, C. J., and WIEST, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.