## PEOPLE v. BEAUREGARD

1. ARREST—WITHOUT WARRANT—REASONABLE CAUSE.

 Any police officer may, without a warrant, arrest a person when he has reasonable cause to believe a felony has been committed and reasonable cause to believe that the person arrested committed it (CL 1948 § 764.15).

2. SEARCHES AND SEIZURES—WITHOUT WARRANT—PROBABLE CAUSE— SCOPE OF SEARCH.

 Information received by police officers by radio that an armed robbery had occurred near where they stopped a car in which defendant was riding, that one of the robbers was wearing a red shirt, and that a shotgun had been taken in the robbery, together with the facts that one of the occupants of the car was wearing a red shirt, that there was a shotgun in plain view on the back seat of the car, and that the car was stopped on a very probable escape route from the scene of the crime, constituted probable cause for the arrest of defendant and a search of defendant, his companions, and the car without a warrant.

Appeal from Genesee, Stewart A. Newblatt, J. Submitted Division 2 January 6, 1970, at Lansing. (Docket No. 7,294.) Decided January 29, 1970.

Willie Beauregard was convicted of armed robbery. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 47 Am Jur, Searches and Seizures §§ 18, 19.
 Search of automobile without a warrant by officers relying on description of persons suspected of a crime. 60 ALR 299.
 Lawfulness of nonconsensual search and seizure without warrant, prior to arrest. 89 ALR2d 715.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, and *Peter A. Marroso,* Assistant Prosecuting Attorney, for the people.

*Frederick Salim* and *Robert M. Crites,* for defendant on appeal.

Before: LEVIN, P. J., and HOLBROOK and BRONSON, JJ.

PER CURIAM. Defendant appeals his conviction of armed robbery, MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797), and sentence to prison for a term of not less than 6-1/2 years to 15 years. He raises one meritorious issue on this appeal: was there probable cause for arresting and searching defendant and his companions without a warrant?

The record reveals that the arresting officers pursued the automobile in which the defendant was riding in response to a radio dispatch, which gave a description of the felons. The automobile was within 1.5 miles of the scene of the crime. The officers had deliberately proceeded down the street where the defendant was apprehended on the premise that that particular street could be used as an escape route. In addition, the automobile was stopped because it had a defective license plate light. After stopping the automobile one of the police officers observed a shotgun lying in plain view in the back seat. In the course of removing the gun the knife used in the perpetration of the crime was found lying near the gun. Only then were the subjects searched at the scene and arrested.

Any police officer may, without a warrant, arrest a person when he has reasonable cause to believe

that there has been a felony committed and reasonable cause to believe that the person arrested committed it. *People* v. *Sansoni* (1968), 10 Mich App 558. The officer was under no duty to close his eyes to the fact that the shotgun was in plain view. This was not an unreasonable search, *People* v. *Kuntze* (1963), 371 Mich 419. To determine whether or not the subsequent arrest without a warrant and search of the defendant and the automobile was lawful, we go to the facts and circumstances within the arresting officer's knowledge to find if they were sufficient to constitute probable cause.

The officers at that time knew of the armed robbery which was committed within close proximity to where they were; that one of the perpetrators of the crime was described as wearing a red shirt; that a shotgun had been stolen at the scene of the crime; and that the street that they were on was a very probable escape route for the felons to use. Matching these facts of the crime with the facts and circumstances before them, we find that the officers had stopped this car legally in close proximity to the scene of the crime, in fact on one of the very probable escape routes that might well be used by the felons; that one of the occupants of the car that was stopped was wearing a red shirt matching a description of one of the perpetrators of the crime and, further, that they viewed a shotgun on the back seat of the car. We rule that at this point the officers had sufficient information of the armed robbery together with matching facts present which tied the defendant and his companions to the armed robbery to constitute probable cause, and they were entitled at that time either before or after arrest to search the defendant, his companions and the car. *People* v. *Kuntze, supra.*

Affirmed.