PEOPLE *v.* BRYANT

1. CRIMINAL LAW—PLEA OF GUILTY—TRUTH OF PLEA—COURT RULES
   —DISCRETION.
    The form and manner of examination by a trial judge in guilty
    plea cases has not been prescribed but is left to the discretion
    of the judge, to be exercised by him in the manner best suited
    to the parties and the offense (GCR 1963, 785.3).

2. CRIMINAL LAW—ATTEMPTED BREAKING AND ENTERING—SENTENCE
   —STATUTORY MAXIMUM.
    Sentence imposed upon defendant, convicted of attempted break-
    ing and entering, was proper where it was within the statutory
    maximum period of imprisonment and the trial judge had
    informed defendant, who had pled guilty, what the maximum
    sentence could be.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 March 17, 1970, at Detroit. (Docket No. 7,753.) Decided May 1, 1970.

Sam Bryant was convicted, on his plea of guilty, of attempted breaking and entering of a business place. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Burton L. Borden,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1]  21 Am Jur 2d, Criminal Law §§ 486–490.
[2]  21 Am Jur 2d, Criminal Law § 587.

Before: V. J. Brennan, P. J., and J. H. Gillis and Levin, JJ.

Per Curiam. On March 4, 1969, defendant, represented by counsel, pled guilty and was convicted of the charge of attempted breaking and entering of a business place, MCLA § 750.92 (Stat Ann 1962 Rev § 28.287); MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). He was sentenced to serve from three to five years in the state prison.

On appeal, he contends that the trial court failed to ascertain that his guilty plea was understandingly made in compliance with GCR 1963, 785.3(2). He also argues that at the time he pled guilty, he believed that the minimum sentence would be one year. Moreover, defendant submits that the sentence herein is excessively severe and not in proportion to the crime committed.

The people have filed a motion to affirm pursuant to GCR 1963, 817.5(3).

A review of the plea transcript reveals that the trial court conducted an examination of defendant which complied with the mandate of GCR 1963, 785.3(2). The form and manner of the examination by a judge in guilty plea cases has not been prescribed but is left to the discretion of the judge, to be exercised by him in the manner best suited to the parties and the offense. *People* v. *Bumpus* (1959), 355 Mich 374, 380. Upon examination by the judge the defendant related facts which established his participation in the commission of the crime charged. See *People* v. *Barrows* (1959), 358 Mich 267.

Defendant attacks the sentence as unduly severe. The sentence was proper since it was within the statutory maximum period of imprisonment. *People* v. *O'den* (1968), 15 Mich App 10; MCLA §

750.92 (Stat Ann 1962 Rev § 28.287). Moreover, the plea transcript reveals that the trial court informed the defendant what the maximum sentence could be.

The defendant's claim that he erroneously believed the minimum sentence to attempted breaking and entering would be one year is not supported by any further explanation. We are not told from whom or how he derived this impression.

It is manifest that the questions sought to be reviewed are so unsubstantial as to need no argument or formal submission. Motion to affirm is granted.