PEOPLE *v.* ALEXANDER

1. ARREST—PROBABLE CAUSE—CONSTITUTIONAL LAW—APPEAL AND ERROR.

A reviewing court must determine whether the facts available to the officers at the moment of the arrest would warrant the belief that an offense had been committed when the constitutional validity of an arrest is challenged on appeal.

2. ARREST—PROBABLE CAUSE—CONDUCT.

The conduct of an accused suspect is one of the factual circumstances which will justify an arrest without warrant.

3. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—FAILURE TO PRODUCE.

The prosecutor's duty to secure the presence of an indorsed *res gestae* witness at a criminal trial may be excused if he makes a showing of due diligence in attempting to produce the indorsed witness; what is due diligence is within the discretion of the trial court, subject to reversal on appeal only if clear abuse is shown.

4. CRIMINAL LAW — CLOSING ARGUMENT — EVIDENCE — FAILURE TO TESTIFY.

Statement by prosecutor in final argument that no contradiction to the people's testimony has been offered by the defense and that the defendant "appears alone fully to know what happened" is improper, but the potential prejudice created by it may be cured by proper instructions to the jury.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest § 49.
[2] 5 Am Jur 2d, Arrest § 49 *et seq.*
[3] 39 Am Jur, New Trial § 38.
[4] 53 Am Jur, Trial § 506.
[5] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 44 *et seq.*

5. CRIMINAL LAW — NARCOTICS — MARIJUANA — POSSESSION —
  HABIT FORMING — CONSTRUCTION OF STATUTES.
    The prosecution must establish that a narcotic substance is
      habit forming only when it is an "allied plant" of the can-
      nabis family; if it is proved to be marijuana, proof that it
      is habit forming is unnecessary (MCLA § 335.151[2] [f]).

Appeal from Recorder's Court of Detroit, Frank
G. Schemanske, J.    Submitted Division 1 July 28,
1970, at Grand Rapids.    (Docket No. 7,411.)    De-
cided August 27, 1970.

Robert Steve Alexander was convicted of posses-
sion of marijuana.    Defendant appeals.    Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Luvenia D.
Dockett,* Assistant Prosecuting Attorney, for the
people.

*Earl A. Mossner,* for defendant on appeal.

Before: HOLBROOK, P. J., and FITZGERALD and
T. M. BURNS, JJ.

PER CURIAM.    At 10 p.m. on May 15, 1967, two
Detroit policemen, patrolling in an unmarked car,
observed an automobile travelling slowly with its
lights off.    The patrolmen stopped the car.    Ap-
proaching it on foot, the officers noticed an unusual
amount of activity by the defendant, a passenger in
the rear of the vehicle.    One of the officers shined a
flashlight on the defendant who was seen trying to
place several "handrolled" cigarettes under the seat.
The officer noted that the cigarettes were of a type
he, in his experience as a policeman, had frequently

found to be marijuana. The occupants of the car were ordered out of the automobile. The officer then observed a substance all over the back seat which appeared to be marijuana. "[I]t was a chopped up weed, green in color, with seeds, little, light-green seeds."

On appeal, the defendant argues that the police lacked probable cause to make the arrest and subsequent search of the car.

When the constitutional validity of an arrest is challenged on appeal, it is the function of the reviewing court to determine whether the facts available to the officers at the moment of the arrest would warrant the belief that an offense had been committed. *Beck* v. *Ohio* (1964), 379 US 89 (85 S Ct 223, 13 L Ed 2d 142); *People* v. *Sansoni* (1968), 10 Mich App 558; *People* v. *Wolfe* (1967), 5 Mich App 543; *People* v. *Harper* (1962), 365 Mich 494.

"In dealing with probable cause, however, as the name implied, we deal with probabilities. These are not technical; they are the factual and practical considerations of every-day life on which reasonable and prudent men, not legal technicians, act." *Brinegar* v. *United States* (1949), 338 US 160, 175 (69 S Ct 1302, 1310, 93 L Ed 1879, 1890); see also *People* v. *Harper* (1962), 365 Mich 494.

Looking at the facts available to the policeman in this case, we are satisfied that the officer had probable cause to make the arrest. The police lawfully stopped an automobile for driving at night with its lights off. While the vehicle and its passengers were lawfully detained, the defendant visibly attempted to hide handrolled cigarettes of a type frequently associated with marijuana.

The conduct of an accused suspect when lawfully detained is one of the factual circumstances which will justify a warrantless arrest, as in the case

where the defendant seeks to avoid apprehension and to destroy what would be evidence against him. *People* v. *Cruz* (1964), 61 Cal 2d 861 (40 Cal Rptr 841, 395 P2d 889); *People* v. *Raymond Jackson* (1968), 98 Ill App 2d 238 (240 NE2d 421).

Next the defendant argues that the prosecution failed to call a *res gestae* witness.

Normally, in criminal proceedings the prosecution is under a positive duty to endorse and call all *res gestae* witnesses. *People* v. *Dickinson* (1966), 2 Mich App 646; *People* v. *Kayne* (1934), 268 Mich 186. Yet, as this Court has noted in the past, the prosecution may be excused from producing a particular witness if it makes a showing of due diligence. *People* v. *Kern* (1967), 6 Mich App 406. This question of diligence is a matter within the discretion of the trial court, subject to being overturned on appeal only for clear abuse. *People* v. *Tiner* (1969), 17 Mich App 18; *People* v. *Kern, supra; People* v. *Hunley* (1946), 313 Mich 688; *People* v. *Gibson* (1931), 253 Mich 476.

In this case the prosecution offered testimony that the witness was twice unsuccessfully subpoenaed. The first time it was learned that the witness was in Germany. The second time it was discovered that he was in Seattle, Washington. Another reason offered for the unavailability of the witness was the large number of adjournments.

The court under these facts excused the prosecution and gave an instruction to the jury on the prosecution's duty to produce *res gestae* witnesses. We find no abuse of judicial discretion.

Defendant also asserts that it was error for the prosecutor on final argument to state that no contradiction to the people's testimony has been offered by the defense, and further to state that, "[a]nd he, as we stand here, appears alone fully to know what

happened, that is, the defendant Alexander." We agree. MCLA § 600.2159 (Stat Ann 1970 Cum Supp § 27A.2159). However, where, as here, the court fully covers the point in its instruction to the jury, potential prejudice is thereby cured. *People* v. *Paul F. Baker* (1967), 7 Mich App 471; *People* v. *Parker* (1943), 307 Mich 372; see also, *State* v. *Gregg* (Mo, 1966), 399 SW2d 7; *State* v. *Clayton* (1968), 272 NC 377 (158 SE2d 557); *Holden* v. *United States* (CA 1, 1968), 388 F2d 240; *Locklear* v. *United States* (CA 5, 1968), 393 F2d 729; *Jacobs* v. *United States* (CA 8, 1968), 395 F2d 469.

Defendant also argues that prejudicial error resulted from the police officers' references at trial to the defendant as "Bobbie". Timely objection was not raised below and therefore the question will not be considered here on appeal.

Finally, defendant argues that MCLA § 335.153 (Stat Ann 1970 Cum Supp § 18.1123) requires the prosecution to establish that *cannabis sativa* is habit forming. That statute makes possession of a "narcotic" drug without a license a felony. MCLA § 335.151(2)(f) [Stat Ann 1970 Cum Supp § 18.1121 (2)(f)] defines "narcotic" to include "[a]ll parts of the plant Cannabis Sativa. * * * This definition is to include marihuana *and all allied plants of the cannabis family which are habit forming."* (Emphasis supplied.)

Thus, only when the narcotic is an "allied plant" must the prosecution establish that it is habit forming. Here, however, the prosecution established that the defendant possessed marijuana. This is all it was required to do by statute.

Affirmed.