PEOPLE *v.* GRIMMETT

PEOPLE *v.* JOHNSON

1. Homicide—Murder—Felony-Murder—Accomplices.

A felony accomplice may properly be held accountable for a murder perpetrated by the principal during the course of the felony.

2. Criminal Law—Constitutional Law—Former Jeopardy—Jury—Discharge—Consent.

The prosecution leading to defendant's conviction was not barred by former jeopardy after the trial court *sua sponte* discharged the jury on the third day of his first trial where the defendant's counsel was instrumental in the discharge of the first jury and defendant consented to, or at least acquiesced in, the discharge.

3. Criminal Law—Trial—Closing Argument—Prejudice.

Statements by prosecutor in closing argument are viewed in the context of the entire argument and subsequent curative instructions when defendant objects to portions of the argument.

References for Points in Headnotes

[1] 40 Am Jur 2d, Homicide §§ 27–40.

What amounts to participation in homicide on part of one not the actual perpetrator, who was present without pre-concert or conspiracy. 12 ALR 275.

[2] 21 Am Jur 2d, Criminal Law §§ 194–196, 198, 204.

What constitutes accused's consent to court's discharge of jury or to grant of state's motion for mistrial which will constitute waiver of former jeopardy plea. 63 ALR2d 782.

[3] 53 Am Jur, Trial §§ 495–504.

[4] 29 Am Jur 2d, Evidence § 494.

30 Am Jur 2d, Evidence § 1103.

Consideration, in determining facts, of inadmissible hearsay evidence introduced without objection. 79 ALR2d 890.

[5] 21 Am Jur 2d, Criminal Law §§ 540, 581, 592, 614.

Validity, under indeterminate sentence law, of sentence fixing identical minimum and maximum terms of imprisonment. 29 ALR2d 1344.

4. EVIDENCE—CRIMINAL LAW—HEARSAY—FAILURE TO STRIKE—PREJ-
UDICE—HARMLESS ERROR.

Permitting testimony in a criminal case to stand when it became
apparent that it was not based on personal knowledge was
error, but the Court of Appeals will not reverse where prej-
udice to defendant did not result.

5. CRIMINAL LAW—SENTENCE—INDETERMINATE SENTENCE—DISCRE-
TION.

Trial court did not violate the indeterminate sentence law with
a sentence of 14 years and 11 months to 15 years, where al-
though the minimum imposed appears harsh the court's com-
ments mitigated against any request to invade the discretion
accorded the sentencing court (MCLA § 769.8).

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J. Submitted Division 1 December
14, 1970, at Detroit. (Docket Nos. 8491, 9869.)
Decided January 21, 1971. Leave to appeal granted
as to Grimmett April 22, 1971. 384 Mich 833.

George Grimmett was convicted of manslaughter.
Harold Johnson was convicted, on his plea of guilty,
of second-degree murder. Defendants appeal.
Cases consolidated. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Angelo A. Pento-
lino,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid
and Defender Association of Detroit), for defendant
Grimmett on appeal.

*Lawrence E. Weinberg,* for defendant Johnson on
appeal.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS
and JEANNETTE,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

J. H. GILLIS, J.   Defendant Grimmett appeals from his conviction after jury trial of manslaughter;[1] defendant Johnson appeals from his conviction upon a plea of guilty to a charge of murder in the second degree.[2]   Their appeals were consolidated by order of our Court.

Grimmett, Johnson, and a third defendant[3] were originally charged with first-degree murder[4] arising out of a robbery of a Detroit grocery store during which Grimmett was alleged to have shot and killed one man and injured another.

Defendant Johnson raises only one issue for our consideration: whether a felony accomplice can properly be held accountable for a murder perpetrated by the principal during the course of the felony.   We concur with the views expressed by another panel of our Court in *People v. Bowen* (1968), 12 Mich App 438, where the identical argument failed to persuade the Court that it should change existing policy.   See *People v. Podolski* (1952), 332 Mich 508; *People v. Mangiapane* (1922), 219 Mich 62.   It is the legislature's duty, not ours, to alter established statutory rules of criminal responsibility.

Defendant Grimmett raises four issues on appeal. Initially, he advocates that the prosecution leading to this conviction was barred on double jeopardy[5] grounds after the trial court *sua sponte* discharged the jury on the third day of his first trial.   He relies primarily on our opinion in the appeal of his codefendant, *People v. Carlton Brown* (1970), 23 Mich App 528.   Unlike his codefendant, however, defendant Grimmett through his counsel was instrumental

---

[1] MCLA § 750.321 (Stat Ann 1954 Rev § 28.553).

[2] MCLA § 750.317 (Stat Ann 1954 Rev § 28.549).

[3] The third defendant also appealed separately.   See *People v. Carlton Brown* (1970), 23 Mich App 528, where the details of the crime are more fully set forth.

[4] MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).

[5] US Const, Am 5; Mich Const 1963, art 1, § 15.

in the trial court's discharge; Grimmett's consent to, or at least an acquiescence in, the discharge saves his second trial from constitutional taint.

Secondly, Grimmett objects to portions of the prosecution's closing argument. Viewed in the context of the entire argument and the subsequent curative instruction of the trial court, we cannot conclude the prosecutor's statements prejudiced defendant's right to a fair trial. *People* v. *Burnstein* (1933), 261 Mich 534; *People* v *Alexander* (1970), 26 Mich App 321.

Thirdly, Grimmett contends the trial court erred in failing to strike certain testimony when it became apparent it was not based on personal knowledge. While we believe the trial court erred in permitting the testimony to stand,[6] we fail to find any prejudice to defendant resulting therefrom. *People* v. *Tiner* (1969), 17 Mich App 18.

Finally, Grimmett claims that the trial court's sentence of 14 years and 11 months to 15 years violates the indeterminate sentence law.[7] *People* v. *Lessard* (1970), 22 Mich App 342. We note, however, that in *Lessard* the Court was faced with the admitted policy of a trial court to defeat the function of the parole board. In particular, the Court stated, "[W]e do not intend to dictate to the trial court what the minimum sentence should be". 22 Mich App at 350. We note also the justification given by the trial court at sentencing in the instant case; although the minimum imposed appears harsh, the court's comments mitigate against any request to invade the discretion accorded the sentencing court. *People* v. *Pate* (1965), 2 Mich App 66; *People*

---

6 *Bennett* v. *Smith* (1879), 40 Mich 211; *Perri* v. *Tassie* (1940), 293 Mich 464; *In re Powers Estate* (1965), 375 Mich 150.

7 MCLA § 769.8 (Stat Ann 1954 Rev § 28.1080).

v. *Jew* (1970), 21 Mich App 408; *People* v. *Bryant* (1970), 23 Mich App 627.

Affirmed.

All concurred.