PEOPLE v WING

1. Arrest—Probable Cause—Pretrial Motion—Preliminary Examination—Search and Seizure.

> A pretrial motion to suppress certain evidence obtained in the search of a vehicle, based on a lack of probable cause to arrest the occupants of the vehicle, was properly denied where the preliminary examination transcript indicated a plan for an informer to purchase heroin from defendant, events tending to indicate possible fruition of the plan, and a signal from the informer when he exited the vehicle, from which the police could reasonably infer the sale took place, thus giving probable cause for arrest and justifying the search.

2. Arrest—Probable Cause—Suspicion—Legal Basis for Arrest.

> No legal basis for an arrest existed where the trial record only established that a plan existed for an informer to buy heroin from defendant, the plan was carried out to the point where a sale by defendant to the informer might have occurred, and the police "thought" the informer signaled to them after the possible sale although no prearrangement for such a signal had been made, because these facts create nothing more than a suspicion which is insufficient to establish probable cause that a felony had been committed; therefore a subsequent search of a car of which defendant had been an occupant was unlawful.

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 November 13, 1972, at Lansing. (Docket No. 12769.) Decided November 28, 1972.

John Wing was convicted of possession of heroin. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.*

References for Points in Headnotes
[1, 2] 47 Am Jur, Searches and Seizures §§ 22, 24.
5 Am Jur 2d, Arrest §§ 2, 43, 46.

*Derengoski,* Solicitor General, and *Bruce A. Barton,* Prosecuting Attorney, for the people.

State Appellate Defender's Office, by *David A. Goldstein,* for defendant.

Before: QUINN, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

QUINN, P. J. Convicted and sentenced for illegal possession of heroin, MCLA 335.153; MSA 18.1123, defendant appeals.

Of the nine issues raised by defendant on appeal, we first address ourselves to the question of the admissibility in evidence of the heroin it is said defendant possessed. Facts pertinent to the resolution of this question are:

Glenn Adkins, 15 years old and a known drug user, arranged with the police to purchase heroin from defendant. The police gave Adkins $10 with which to make the purchase and arranged to be in position to observe the house where the purchase was to be made when it was made. From a parked car, the police observed Adkins on the porch of the house in question. They saw a blue Opel stopped in the vicinity and saw one Annabel exit from it, cross the street, and talk with Adkins. The police saw defendant and Sandra Oexler in the Opel; they saw Annabel and Adkins enter it. The Opel drove away and the police followed it to the Moose parking lot which the Opel entered and where it stopped.

The police stopped in the street and they observed the Opel and the four occupants but what the occupants were doing was not apparent. The police saw Adkins get out of the Opel and walk away. The Opel drove away with the police in pursuit. Shortly, the police stopped the Opel, ar-

rested the occupants, and searched defendant and Annabel. The Opel and its occupants were taken to police headquarters where a search of the Opel disclosed the heroin defendant is charged with possessing.

Prior to trial, defendant moved to suppress the heroin on the basis that there was no probable cause to arrest defendant, hence the search of the vehicle was unlawful. On the basis of the preliminary examination transcript, the trial court denied the motion. We find this ruling to be correct. In addition to the plan for Adkins to purchase heroin from defendant and events tending to indicate possible fruition of the plan, the preliminary examination testimony disclosed a signal from Adkins to the police when the former exited the Opel. From this fact, the police could reasonably infer the sale took place as planned. Thus a felony committed in their presence gave probable cause for arrest, justifying the search.

When the people moved for the admission of the heroin in evidence at trial, defendant objected on the basis of the illegal search of the Opel. The trial court overruled the objection and admitted the heroin in evidence. This was error.

At the time of the objection, the trial record discloses the following facts pertinent to the legality of defendant's arrest which were known to the police prior to the arrest:

1. The plan for Adkins to buy heroin from defendant.

2. Performance of the plan to the point where a sale by defendant to Adkins might have occurred.

3. When Adkins left the Opel after the possible sale, Officer Lowe "thought he [Adkins] nodded".

4. No prearrangement for Adkins to signal police by nodding his head after the sale was com-

pleted. These facts created nothing more than a suspicion which is insufficient to establish probable cause that a felony has been committed, *People v Iverson,* 34 Mich App 519 (1971). The record discloses no legal basis for defendant's arrest and the subsequent search of the Opel was unlawful. The heroin was inadmissible.

The reliance of the people on *People v Beauregard,* 21 Mich App 224 (1970), and *People v Wolfe,* 5 Mich App 543 (1967), as authorities for sustaining defendant's arrest is misplaced. In *Beauregard,* after stopping the vehicle for a defective license plate light, the police observed a shotgun in plain view on the back seat. In *Wolfe,* the police observed a safe being transported in an old model car at about 5 a.m. after being notified by a person who saw the safe being loaded in the trunk of the car. Both of these cases established on the record probable cause for the arrests involved.

Without the heroin in evidence, proof of possession of heroin fails. Discussion of the other issues is unnecessary.

Reversed.

All concurred.