PEOPLE v BALOG

PEOPLE v JONES

1. WEAPONS—CRIMINAL LAW—CONCEALED WEAPONS—INSTRUCTIONS
   TO JURY—SCIENTER—MANIFEST INJUSTICE.

   A trial court's instruction to the jury that the prosecution
   charged that the defendants knowingly carried weapons con-
   cealed on or about their persons in a motor vehicle operated or
   occupied by them sufficiently informed the jury of the scienter
   requirement and was not so palpably inadequate that it perpe-
   trated manifest injustice.

2. APPEAL AND ERROR—INSTRUCTIONS TO JURY—ERRONEOUS INSTRUC-
   TIONS—PRESERVING QUESTION—TIMELY OBJECTION.

   The Court of Appeals will not entertain allegations of erroneous
   jury instructions where no timely objection was interposed
   before the jury retired to consider its verdict, absent a showing
   of manifest injustice.

3. SEARCHES AND SEIZURES—LEGAL STOP—LIMITED SEARCH—PROBABLE
   CAUSE—WEAPONS—CARRYING WEAPONS.

   The search of an automobile was neither unreasonable nor illegal
   where the police, upon legally stopping the auto for a motor
   vehicle code violation, saw a defendant appear to place some-
   thing under the seat and, upon approaching the vehicle, saw a
   large hunting knife under the front seat; the police had a right
   to conduct a limited self-protective search of the person and
   when, upon so doing, they discovered an ammunition clip on
   the person of the defendant, with the knowledge of its presence
   combined with the knowledge of the hunting knife, they had
   probable cause to believe other weapons were being transported
   in the vehicle in violation of the carrying weapons statute
   (MCLA 750.227).

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 56 Am Jur, Weapons and Firearms § 9 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 545.
[4, 5] 29 Am Jur 2d, Evidence § 638 *et seq.*

4. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO REMAIN SILENT—
   PROSECUTOR'S COMMENTS.

   A prosecutor's statement that the state's evidence was uncontradicted was permissible and did not affect a defendant's right to remain silent.

5. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO REMAIN SILENT—
   PROSECUTOR'S COMMENTS—CURATIVE INSTRUCTIONS TO JURY.

   A prosecutor's comments regarding a defendant's not testifying, where they are not of a kind that clearly and irreparably undermine the defendant's rights, can be cured by an appropriate instruction to the jury, and a defendant was not harmed by such a comment where the curative instruction was given.

Appeal from Roscommon, Carl L. Horn, J. Submitted Division 3 November 13, 1974, at Grand Rapids. (Docket Nos. 17319, 17320.) Decided November 26, 1974.

Ronald Balog and Randall L. Jones were convicted of carrying concealed weapons. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert A. Hess,* Prosecuting Attorney, and Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director (by *William P. Weiner,* Special Assistant Attorney General), for the people.

*Dennis H. Benson,* Assistant State Appellate Defender, for defendants.

Before: T. M. BURNS, P. J., and R. B. BURNS and CARLAND,* JJ.

R. B. BURNS, J. Defendants were convicted of

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

carrying concealed weapons. MCLA 750.227; MSA 28.424. They appeal and we affirm.

State police stopped an automobile in which defendants were driver and passenger for a defective light on the rear registration plate. As the police officers approached the vehicle, they observed one of the defendants bend over and apparently put something under the front seat. When one of the officers arrived at the passenger side of the vehicle, he noticed a large hunting knife under the car's front seat. Consequently, the passenger was ordered out of the car, and his person was searched. The search produced a .45-caliber automatic weapon's clip. On the basis of this discovery, the entire automobile was searched, and two pistols were found. Defendants did not have permits to carry the pistols.

Defendants raise several issues on appeal. The first is that the concealed weapons statute is unconstitutionally overbroad; that the statute includes innocent behavior as well as criminal behavior within its coverage. We agree with defendants that a *scienter* element must be imported into the statute to preserve its constitutional viability. We find that Michigan law has required such guilty knowledge since 1955, *People v Petro,* 342 Mich 299; 70 NW2d 69 (1955), *People v Jerome Smith,* 21 Mich App 717; 176 NW2d 430 (1970), and *People v Sims,* 23 Mich App 194; 178 NW2d 667 (1970). Furthermore, the trial judge instructed the jury that:

"In this offense, the prosecution charges, as I have stated, that these weapons come within the class of weapons specified in the statute *and the defendants knowingly carried them concealed* on or about their person in a motor vehicle operated or occupied by them." (Emphasis added.)

The jury was thus informed of the *scienter* requirement. Defendants contend that this language insufficiently emphasizes the *scienter* requirement. Defense counsel made no such objection at trial. We will not entertain allegations of erroneous jury instructions where no timely objection was interposed before the jury retired to consider its verdict, absent a showing of manifest injustice. *People v Bradley,* 54 Mich App 89; 220 NW2d 305 (1974). While it may be the better practice to put greater emphasis on the *scienter* element, we cannot view the instruction given as so palpably inadequate that it perpetrated a manifest injustice.

Defendants challenge the legality of the search. They claim it is an example of the sort of pretext-arrests and bootstrapping searches prohibited by *Coolidge v New Hampshire,* 403 US 443; 91 S Ct 2022; 29 L Ed 2d 564 (1971), and *People v Gonzales,* 356 Mich 247; 97 NW2d 16 (1959). We disagree. Defendants' automobile lights did not illuminate the rear license plate in violation of MCLA 257.686; MSA 9.2386. As indicated in *People v Johnson,* 48 Mich App 50; 209 NW2d 868 (1973), that statute plus MCLA 257.683; MSA 9.2383 gave the police authority to stop defendants' car. Once the police had made a legal stop and had seen the passenger's furtive gesture, they had a right to conduct a limited self-protective search. *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). Once the ammunition clip was found on the person of one of the defendants, the knowledge of its presence combined with the knowledge of the presence of the hunting knife amply provided the officers with probable cause to believe other weapons were being transported in the vehicle in violation of MCLA 750.227; MSA 28.424.

We cannot hold the search of the vehicle unrea-

sonable or illegal. *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974).

The defendants' next contention is that the prosecutor impermissibly commented upon their right to refuse to testify. In his closing argument the prosecutor made the following statement:

"There hasn't been any evidence presented to you which contradicts the testimony given by the two state troopers that these two weapons * * * were found in the defendants' car and that the defendants were in the car immediately prior to the weapons being found.

* * *

"Based upon all the evidence presented by the people, taking into consideration no evidence has been presented to contradict this, I ask you to bring in a verdict of guilty."

Defense counsel responded in its closing argument that defendants did not have to testify on their own behalf and that it was improper for the prosecutor to intimate that they did. The prosecutor then made the following statement during rebuttal.

"The only evidence that you can consider when you retire to deliberate is the evidence that has been presented to you from the witness chair up there.

"As I have said before, there has been no evidence to contradict the evidence presented by these two police officers.

"I certainly don't mean to give the impression that the defendants have to testify * * * . The judge is going to instruct you that * * * they have the right not to say a word.

* * *

"Again, no evidence has been introduced to contradict what we have put in * * * and I am not referring to the defendants because they don't have to take the stand."

Criminal defendants have a right to remain silent at trial, and no references or comments are to be made that subvert that right. MCLA 600.2159; MSA 27A.2159. The prosecutor's initial statement that the state's evidence was uncontradicted was permissible and did not affect defendants' right to silence. *People v Martin,* 44 Mich App 254; 205 NW2d 96 (1972), and *People v Peace,* 48 Mich App 79; 210 NW2d 116 (1973). It was defense counsel, himself, who originally brought this subject to the jury's attention and invited the prosecutor's discussion. It would have been wiser for the prosecutor to have ignored the topic, but it is obvious that the prosecutor's comments are not the kind that clearly and irreparably undermine the defendants' rights and are, as a consequence, proscribed in *People v Cahill,* 147 Mich 201; 110 NW 520 (1907), or *People v Wessel,* 256 Mich 72; 239 NW 259 (1931). Defendants may have been harmed, but Michigan law holds that impermissible comments, like those at issue here, can be cured by an appropriate instruction. *People v Alexander,* 26 Mich App 321; 182 NW2d 1 (1970). Such an instruction was given in this case.

We have reviewed defendants' other claims of error and find them without merit.

Affirmed.

All concurred.