## PEOPLE v LANE

Docket No. 43499. Submitted June 2, 1980, at Detroit.—Decided November 21, 1980.

Robert M. Lane was charged with carrying a concealed weapon and, following a jury trial in Wayne Circuit Court, Roland L. Olzark, J., was convicted on that charge. At the trial, defendant sought to introduce testimony supporting his defense of intoxication. The prosecution objected. The trial court held that intoxication was not a defense to carrying a concealed weapon. The trial court refused to instruct the jury on the lesser included offense of possession of a firearm while intoxicated. Defendant appeals. *Held:*

1. Intoxication is only a defense to a specific intent crime. The carrying a concealed weapon statute makes no reference to any specific intent. The guilty knowledge element which has been read into the statute to save the statute from being unconstitutionally overbroad constitutes general criminal intent rather than a specific criminal intent. Since the carrying a concealed weapon statute does not require proof of a specific criminal intent, intoxication is not a defense to that crime. Accordingly, evidence of intoxication was properly excluded by the trial court.

2. Since the included offense of possession of a firearm while intoxicated is a misdemeanor carrying a maximum punishment by incarceration of less than one year, the trial court, in accordance with the public policy enunciated by the Michigan

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 21 Am Jur 2d, Criminal Law §§ 107, 108.
Modern status of the rules as to voluntary intoxication as defense to criminal charge. 8 ALR3d 1236.
[2] 21 Am Jur 2d, Criminal Law § 90.
79 Am Jur 2d, Weapons and Firearms § 15.
Offense of carrying concealed weapon as affected by manner of carrying or place of concealment. 43 ALR2d 492.
[3, 4] 21 Am Jur 2d, Criminal Law § 81 *et seq.*
79 Am Jur 2d, Weapons and Firearms § 15.
[4] 79 Am Jur 2d, Weapons and Firearms § 10.
[6] 75 Am Jur 2d, Trial § 880.

Supreme Court, properly refused to instruct the jury as to that misdemeanor in this trial on the concealed weapon charge, a felony carrying a maximum punishment of incarceration of five years.

Affirmed.

1. CRIMINAL LAW — DEFENSES — VOLUNTARY INTOXICATION — SPECIFIC INTENT CRIMES.

Intoxication is only a defense to a specific intent crime.

2. WEAPONS — CRIMINAL LAW — CONCEALED WEAPONS — SCIENTER — CONSTITUTIONAL LAW — STATUTES.

The crime of carrying a concealed weapon includes as an element the showing of guilty knowledge by the defendant that the weapon is being carried; absent the element of guilty knowledge, the concealed weapon statute would be unconstitutionally overbroad (MCL 750.227; MSA 28.424).

3. WEAPONS — CRIMINAL LAW — CONCEALED WEAPONS — SCIENTER — GENERAL CRIMINAL INTENT — SPECIFIC CRIMINAL INTENT — STATUTES.

The guilty knowledge element necessary to convict one under the carrying a concealed weapon statute constitutes general criminal intent rather than specific criminal intent (MCL 750.227; MSA 28.424).

4. WEAPONS — CRIMINAL LAW — CONCEALED WEAPONS — SCIENTER — EVIDENCE.

The guilty knowledge element necessary to convict one under the carrying a concealed weapon statute, in the case of personal possession, may be shown from the fact that the defendant had a pistol concealed on his person in a purposeful manner.

5. WEAPONS — CRIMINAL LAW — CONCEALED WEAPONS — INTOXICATION — EVIDENCE — STATUTES.

Intoxication is not a defense to the crime of carrying a concealed weapon; accordingly, no error results from the refusal of a trial court to permit testimony concerning the issue of intoxication (MCL 750.227; MSA 28.424).

6. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES — STATUTES.

It is proper for a trial court to refuse to instruct the jury on the misdemeanor of possession of a firearm while intoxicated as a lesser included offense of the felony of carrying a concealed weapon, since that misdemeanor carries a maximum punishment of incarceration of less than one year and the charged

felony carries a maximum punishment of incarceration of five years and, accordingly, the trial court, as a matter of public policy, cannot charge the jury as to that lesser offense (MCL 750.227, 750.237; MSA 28.424, 28.434).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy L. Cronin,* Assistant Prosecuting Attorney, for the people.

*Salisbury, Ciampa & Franco,* for defendant.

Before: R. M. MAHER, P.J., and BRONSON and T. C. QUINN,* JJ.

PER CURIAM. Defendant was convicted, after a jury trial, of carrying a concealed weapon (CCW). MCL 750.227; MSA 28.424. He was sentenced to a prison term of from two and one-half to five years and appeals by right.

The testimony at trial revealed that around 3:30 in the morning of June 12, 1978, the employees of a doughnut shop in Livonia observed a green station wagon circling the building. The car eventually parked, and the defendant approached the shop. One of the employees phoned the police, as the defendant entered the shop and asked for a glass of water. One of the employees also noticed a lump or bulge at the side of the defendant's pants. The police arrived within minutes and observed what appeared to be the wooden handle of a gun in the defendant's waistband. The defendant was arrested, and a gun was seized. One of the officers testified that the defendant stated he had consumed two or three drinks earlier in the evening,

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

although the officer indicated he did not smell intoxicants on the defendant.

At trial, the defendant expressed his intention to offer witnesses in support of an intoxication defense. The prosecution objected to such a defense, and the trial court ruled that intoxication was not an available defense to the crime charged. Because intoxication is only a defense to a specific intent crime, *People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973), *People v Stanton,* 97 Mich App 453; 296 NW2d 70 (1980), the question at the heart of this issue is whether the offense of carrying a concealed weapon is a specific intent crime.

The statute itself makes no reference to a specific intent.[1] The judiciary, however, has read into the statute an element of knowledge. *People v Petro,* 342 Mich 299; 70 NW2d 69 (1955), *People v Balog,* 56 Mich App 624; 224 NW2d 725 (1974). Such an element is necessary to save the statute from unconstitutional overbreadth. See *People v Balog, supra,* 626. The trial court properly instructed the jury on this point, placing the burden on the prosecution to prove that the defendant knowingly carried the pistol. We do not believe, however, that this element of knowledge is the same as a specific intent. It rather reflects the general criminal intent necessary in most crimes. The statute itself does not make any sort of intent

[1] "A person who shall carry a dagger, dirk, stiletto, or other dangerous weapon except hunting knives adapted and carried as such, concealed on or about his person, or whether concealed or otherwise in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him; and a person who shall carry a pistol concealed on or about his person, or, whether concealed or otherwise, in a vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him, without a license to carry the pistol as provided by law or if licensed, carrying in a place or manner inconsistent with any restrictions upon such license, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years, or by fine of not more than $2,500.00."

necessary for conviction. The purpose of the element of knowledge is to limit the statute's application to knowing, rather than innocent, violations of the statute's provisions. For example, without an implied element of knowledge, a passenger in a car in which a weapon is carried could be convicted under the express terms of the statute without a showing that he knew the weapon was present. In a case of personal possession, the knowledge element may be shown from the fact that a defendant had a pistol on his person concealed in a purposeful manner. *People v Wade*, 23 Mich App 132; 178 NW2d 139 (1970), *lv den* 384 Mich 758 (1970). We also note that other firearm offenses do require a specific intent beyond general criminal intent in a manner in which the CCW statute does not. See MCL 750.226; MSA 28.423, *People v Davenport*, 89 Mich App 678; 282 NW2d 179 (1979). Because intoxication is not a defense to the sort of general criminal intent which the knowledge element of the CCW statute reflects, we find no error in the trial court's refusal to allow testimony on the issue of intoxication.

Defendant also argues that the trial court erred in refusing to instruct the jury on the offense of possession of a firearm while intoxicated, MCL 750.237; MSA 28.434.[2] In *People v Chamblis*, 395 Mich 408, 429; 236 NW2d 473 (1975), the Supreme Court held:

"We are establishing a rule today, as a matter of policy, limiting the extent of compromise allowable to a jury in deciding whether to convict of a lesser included

---

[2] "Any person under the influence of intoxicating liquor or any exhilarating or stupefying drug who shall carry, have in possession or under control, or use in any manner or discharge any fire-arm within this state, shall be guilty of a misdemeanor." MCL 750.237; MSA 28.434.

offense. In any case wherein the charged offense is punishable by incarceration for more than two years, the court, whether or not requested, may not instruct on lesser included offenses for which the maximum allowable incarceration period is one year or less."

This rule is applicable to the instant case as the charged offense carries a five-year maximum and the possession while intoxicated offense is a misdemeanor. While the Supreme Court has modified the rule in cases where the only difference between the two offenses is value, *People v Miller,* 406 Mich 244; 277 NW2d 630 (1979), and while the rule has been subject to criticism, see *People v Joeseype Johnson,* 407 Mich 196, 274; 284 NW2d 718 (1979) (LEVIN, J., dissenting), *People v Vasher,* 97 Mich App 372; 296 NW2d 30 (1980), it remains controlling in the instant case.

Although the record on appeal reveals the tragic personal circumstances of defendant's life at the time of the charged offense, we agree with the prosecutor that such circumstances are relevant only to sentencing. Having found no error, the defendant's conviction is affirmed.

Affirmed.