PEOPLE v WATTS

Docket No. 71016. Submitted December 9, 1983, at Grand Rapids.—
Decided March 21, 1984. Leave to appeal applied for.

Arthur B. Watts was convicted of receiving and concealing stolen
property with a value greater than $100 following a jury trial
in Cheboygan Circuit Court, Robert C. Livo, J. Defendant was
sentenced to be confined in the county jail for eight months and
ordered to pay attorney fees, witness fees, and jury fees within
18 months or to discharge his obligation with respect to those
fees by working on some public service project with each hour
of public service discharging four dollars of the fee obligation.
Defendant appeals, asserting that the trial court erred in
holding that receiving and concealing stolen property is a
general intent crime for which voluntary intoxication is not a
defense, that the court erred in permitting the owners of the
property to testify as to the value of the property which had
been stolen without a prior showing that the owners had the
expertise to evaluate the property and that the sentence was
invalid because the trial court was without authority to order
defendant to pay the attorney, witness, and jury fees. *Held:*

1. To convict of receiving and concealing stolen property
requires proof that the defendant knew that the property had
been stolen. That knowledge element is one of general criminal
intent rather than specific criminal intent. Since voluntary
intoxication is a defense only to a specific intent crime, volun-

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 155.
    Modern status of the rules as to voluntary intoxication as defense
    to criminal charge. 8 ALR3d 1236.
[2] 66 Am Jur 2d, Receiving and Transporting Stolen Property §§ 9,
    10.
[3] 29 Am Jur 2d, Evidence § 387.
    66 Am Jur 2d, Receiving Stolen Property § 23.
[4] 20 Am Jur 2d, Costs § 100 *et seq.*
    21A Am Jur 2d, Criminal Law § 1039.
    Items of costs of prosecution for which defendant may be held. 65
    ALR2d 854.

tary intoxication is not a defense to receiving and concealing stolen property.

2. The owners of the stolen property were properly permitted to testify as to the value of their stolen property even though not qualified as expert witnesses, since there was a clear showing that their valuations were not based upon the personal or sentimental value of the property.

3. A trial court may require a criminal defendant to pay costs only where specifically authorized by statute. Since the defendant was neither fined nor put on probation, there was no statutory basis for the trial court's order requiring defendant to pay the attorney, witness, and jury fees. The sentence of the court is void and remand for resentencing is necessary.

Affirmed in part, reversed in part, and remanded.

1. CRIMINAL LAW — DEFENSES — VOLUNTARY INTOXICATION.

The defense of voluntary intoxication may be raised where the crime charged involves a specific intent as a necessary element of the crime because the intoxication may negate the intent; where the crime involves only a general intent, voluntary intoxication is not available as a defense.

2. RECEIVING STOLEN GOODS — GUILTY KNOWLEDGE — SPECIFIC INTENT — GENERAL INTENT.

An essential element of the crime of receiving and concealing stolen property is knowledge that the property was previously stolen; however that guilty knowledge element is one of general criminal intent rather than specific criminal intent (MCL 750.535; MSA 28.803).

3. EVIDENCE — PERSONAL PROPERTY — VALUE.

An owner of personal property is qualified to testify regarding the value of such property, provided it does not relate to sentimental or personal value.

4. CRIMINAL LAW — COURT COSTS.

A criminal defendant may be required to pay costs only where expressly authorized by statute.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph P. Kwiatkowski,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

State Appellate Defender (by *P. E. Bennett),* for defendant on appeal.

Before: R. M. Maher, P.J., and R. B. Burns and J. G. Roskopp,* JJ.

J. G. Roskopp, J. After a jury trial, defendant was convicted of receiving and concealing stolen property of a value of greater than $100, MCL 750.535; MSA 28.803. Defendant was sentenced to be confined in a county jail for eight months and was ordered to pay attorney fees, witness fees, and jury fees within 18 months or to work an equivalent amount of time at some public service project to discharge the obligations at the rate of $4.00 per hour. He appeals as of right.

Defendant first argues that the trial court erred by holding that receiving and concealing stolen property is not a specific intent crime for which a defense of voluntary intoxication is available. Voluntary intoxication is a defense to a specific intent crime because such a crime cannot be committed where the intent did not exist; however, voluntary intoxication is not a defense to a general intent crime. *People v Langworthy,* 416 Mich 630, 637-638; 331 NW2d 171 (1982). An essential element of the crime of receiving and concealing stolen property is knowledge that the property was previously stolen. *People v Lauzon,* 84 Mich App 201, 207; 269 NW2d 524 (1978).

Some Michigan decisions have asserted that crimes for which an essential element is that some act be done "knowingly" are specific intent crimes. See *People v Lerma,* 66 Mich App 566, 569; 239 NW2d 424 (1976) (dicta), and *People v American Medical Centers of Michigan, Ltd,* 118 Mich App 135, 153; 324 NW2d 782 (1982) (Medicaid fraud). However, other Michigan decisions have examined the intent behind the legislative or judicial inclu-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sion of an element of knowledge in order to determine whether the crime is a specific intent crime. *People v Lane,* 102 Mich App 11, 14-15; 300 NW2d 717 (1980) (carrying a concealed weapon); *People v Gleisner,* 115 Mich App 196, 198-200; 320 NW2d 340 (1982) (resisting and obstructing a police officer); *People v Laur,* 128 Mich App 453; 340 NW2d 655 (1983) (using a vehicle without authority but without an intent to steal). In *Lane* and *Laur,* the Court reasoned that the element of knowledge was necessary to prevent innocent acts from constituting the commission of a crime. Therefore, the element of knowledge in the crimes at issue in *Lane* and *Laur* was intended merely to require a general criminal intent, not to place the crimes in the category of specific intent crimes. We agree with the reasoning of *Lane* and *Laur.* Because the element of knowledge that the property was previously stolen in the crime of receiving and concealing stolen property was intended to prevent the innocent receipt or possession of stolen property from constituting the commission of the crime, receiving and concealing stolen property is not a specific intent crime.

Defendant points out that LaFave and Scott, Criminal Law, § 93, p 690 states that voluntary intoxication is a defense to receiving and concealing stolen property. However, LaFave and Scott, *supra,* § 45, p 344, also reject the distinction between general and specific intent crimes. In *People v Langworthy, supra,* pp 639-642, the Court considered scholarly criticism of the distinction, including that of LaFave and Scott, but declined to abandon it.

Defendant also argues that the trial court erred by permitting the owners of the stolen property to testify as to its value without a prior showing of

their expertise in evaluating such property. We reject this argument, because an owner is qualified to testify as to the value of his property unless his evaluation is based on personal or sentimental value. *People v Clemons,* 91 Mich App 68, 75; 282 NW2d 838 (1979). The testimony of the owners here showed that their evaluation was not based on personal or sentimental value.

Defendant also argues that his sentence was invalid. A court may only require a convicted defendant to pay costs where such a requirement is expressly authorized by statute. *People v Wallace,* 245 Mich 310, 313; 222 NW 698 (1929). Because defendant was not fined, the assessment of costs provisions of the conditional sentence statute, MCL 769.3; MSA 28.1075, are not applicable. See *People v Tims,* 127 Mich App 564; 339 NW2d 488 (1983). Similarly, because defendant was not placed on probation, the assessment of costs provision of the probation statute, MCL 771.3; MSA 28.1133, are not applicable.

Although the Court in *Tims* vacated the assessment of costs, we believe that the better result where part of the sentence is void is to remand the case to the trial court for resentencing.

Affirmed in part, reversed in part, and remanded for resentencing. We retain no jurisdiction.