PEOPLE v QUINN

Docket No. 120672. Submitted October 17, 1990, at Lansing. Decided May 7, 1991, at 9:45 A.M. Leave to appeal granted, 439 Mich —.

Kevin Quinn was convicted, following a jury trial in the Oakland Circuit Court, Alice L. Gilbert, J., of possession of a loaded firearm in a motor vehicle. The defendant appealed.

The Court of Appeals *held:*

Scienter, or guilty knowledge, is a necessary element of the offense of possession of a loaded firearm in a motor vehicle. The evidence was insufficient to show that the defendant had knowledge that the firearm in his vehicle was loaded. The defendant's conviction must be vacated and the charge dismissed.

Reversed.

WEAPONS — CRIMINAL LAW — POSSESSION OF LOADED FIREARM IN MOTOR VEHICLE — SCIENTER — GENERAL CRIMINAL INTENT.

The offense of possession of a loaded firearm in a motor vehicle includes as an element the showing of scienter, or guilty knowledge, by the defendant that the firearm in the vehicle was loaded; this element of knowledge is not the same as a specific intent; rather, it reflects the general criminal intent necessary in most crimes (MCL 750.227c; MSA 28.424[3]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, and *Michael J. Modelski,* Chief, Appellate Division, for the people.

*Arthur James Rubiner,* for the defendant on appeal.

Before: SULLIVAN, P.J., and MAHER and GRIFFIN, JJ.

REFERENCES

Am Jur 2d, Weapons and Firearms § 27.

See the Index to Annotations under Automobiles and Highway Traffic.

Per Curiam. Defendant was convicted, following a jury trial, of possession of a loaded firearm in a motor vehicle, MCL 750.227c; MSA 28.424(3). Defendant appeals as of right. We reverse.

Because we agree that the evidence was insufficient to show that defendant had knowledge that the firearm in his vehicle was loaded, the sole question to be decided in this appeal is whether scienter is a necessary element of the statutory offense of possession of a loaded firearm in a motor vehicle. We conclude that it is.

MCL 750.227c; MSA 28.424(3) provides, in pertinent part:

> (1) Except as otherwise permitted by law, a person shall not transport or possess in or upon a . . . motor vehicle . . . a firearm, other than a pistol, which is loaded.

Pursuant to subsection 2 of § 227c, a person who violates this statute is guilty of a misdemeanor, punishable by imprisonment for not more than two years, or a fine of not more than $2,500, or both.

When interpreting a criminal statute, we must ascertain and give effect to the intent of the Legislature. *People v Johnson*, 174 Mich App 108, 115; 435 NW2d 465 (1989). MCL 750.227c; MSA 28.424(3) was adopted as part of 1981 PA 103. A review of the pertinent legislative analysis[1] reveals that the statute was passed because similar provisions of the Game Law[2] had been found to be enforceable in game areas only. The House Bill analysis specifically indicates that pistols were excluded from the operative language of the stat-

---

[1] House Legislative Analysis, HB 4688, February 10, 1982.

[2] See MCL 311.1 *et seq.*; MSA 13.1321 *et seq.* generally, and MCL 312.10(1)(g); MSA 13.1339(1)(g) in particular.

ute because the transportation of pistols was already regulated under the concealed weapons statute. That statute, MCL 750.227; MSA 28.424, like the instant statute, contains no express reference to scienter. Nevertheless, courts of this state have repeatedly read such a requirement into the statute. *People v Petro*, 342 Mich 299; 70 NW2d 69 (1955); *People v Combs*, 160 Mich App 666, 673; 408 NW2d 420 (1987); *People v Lane*, 102 Mich App 11, 14-15; 300 NW2d 717 (1980).[3] Explaining the necessity of a guilty knowledge requirement, this Court stated in *Lane, supra* at 14-15:

> The statute itself makes no reference to a specific intent. The judiciary, however, has read into the statute an element of knowledge. . . . Such an element is necessary to save the statute from unconstitutional overbreadth. . . . We do not believe, however, that this element of knowledge is the same as a specific intent. It rather reflects the general criminal intent necessary in most crimes. The statute itself does not make any sort of intent necessary for conviction. *The purpose of the element of knowledge is to limit the statute's application to knowing, rather than innocent, violations of the statute's provisions.* [Emphasis added.]

Given that MCL 750.227c; MSA 28.424(3) is the counterpart of MCL 750.227; MSA 28.424, the difference being that the former applies to nonpistol firearms while the latter applies to pistols, and that the two statutes are similar in both wording and purpose, we find no reason to construe the two statutes differently. Therefore, for the same reasons expressed in *Lane, supra,* we conclude that the element of knowledge is a necessary element of a violation of MCL 750.227c; MSA 28.424(3).

---

[3] Also see *People v Stephens,* 58 Mich App 701, 704; 228 NW2d 527 (1975); *People v Little,* 58 Mich App 12, 15; 226 NW2d 735 (1975); *People v Balog,* 56 Mich App 624, 626; 224 NW2d 725 (1974).

Accordingly, because the element of knowledge was not sufficiently proven in the instant case, defendant's conviction is vacated and the charge dismissed.

Reversed.