PEOPLE v MOTOR CITY HOSPITAL AND SURGICAL SUPPLY, INC

PEOPLE v DRUZINSKI

Docket Nos. 195746, 196345. Submitted June 4, 1997, at Lansing. Decided December 23, 1997, at 9:05 A.M.

Motor City Hospital and Surgical Supply, Inc., and Kevin E. Druzinski were each charged in the Ingham Circuit Court with three counts of violating § 4 of the Medicaid False Claims Act, MCL 400.604; MSA 16.614(4), and three counts of violating § 4 of the Health Care False Claims Act, MCL 752.1004; MSA 28.547(104), for aiding and abetting Certified Air Respiratory Equipment, Inc., in receiving rebates or fees for referring individuals to Motor City Hospital and Surgical Supply. The court, James R. Giddings, J., quashed the information, ruling that the statutes under which the defendants were charged are unconstitutional without a knowledge or "corrupt intent" element because they can encompass innocent behavior, that the statutes only apply to those who knowingly engage in wrongful acts, and that the defendants were erroneously bound over for trial absent evidence that they had intended to help Certified Air Respiratory Equipment violate the statutes. The prosecution appealed.

The Court of Appeals *held*:

1. The offenses at issue are general intent crimes. The Legislature did not intend that the offenses include a corrupt intent element. The Legislature's inclusion of a knowledge element in other sections of the acts at issue, but not in § 4 of each act, evinces its intent that the instant offenses not include a corrupt intent element. The absence of a corrupt intent element in the instant offenses also furthers the underlying purposes of the acts by criminalizing conduct that fosters false claims.

2. The intent required for conviction of the offenses at issue is intent that the provider receive a referral fee. Persons who do not know that they are paying referral fees would not face criminal punishment under the acts at issue.

3. The acts at issue are not unconstitutionally vague. They provide fair notice of the conduct proscribed and are not so indefinite as to give a trier of fact unlimited discretion to determine whether a violation has occurred.

Reversed and remanded for further proceedings.

CRIMINAL LAW — MEDICAID FALSE CLAIMS ACT — HEALTH CARE FALSE CLAIMS ACT — AIDING AND ABETTING — REBATES OR REFERRAL FEES.

Aiding and abetting the receipt of a rebate or fee for referring a person to a provider of medical care or services, a felony under either the Medicaid False Claims Act or the Health Care False Claims Act, is a general intent crime; the intent required for conviction is intent that the provider receive a rebate or fee (MCL 400.604, 752.1004; MSA 16.614[4], 28.547[104]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Richard L. Koenigsknecht*, Assistant Attorney General, for the people.

*Martin I. Reisig* and *James C. Steffl*, for the defendants on appeal.

Before: CORRIGAN, C.J., and M. J. KELLY and HOEKSTRA, JJ.

CORRIGAN, C.J. The prosecution appeals by right the circuit court's order quashing the information charging defendants with violating § 4 of the Medicaid False Claims Act (MFCA), MCL 400.604; MSA 16.614(4), and § 4 of the Health Care False Claims Act (HCFCA), MCL 752.1004; MSA 28.547(104), by aiding and abetting the receipt of a rebate or referral fee. This case presents an issue of first impression whether the portions of MFCA § 4 and HCFCA § 4 criminalizing the receipt of a referral fee include a "corrupt intent" element. We hold that they do not, and we reverse the decision of the circuit court and reinstate the charges.

Defendants, a provider of durable medical equipment and its owner/manager, allegedly paid $790 to another provider, Certified Air Respiratory Equipment, Inc. (CARE), for CARE's act of referring customers

to defendant provider. The district court bound defendants over on three counts of aiding and abetting CARE in violation of MCL 400.604; MSA 16.614(4), and three counts of aiding and abetting CARE in violation of MCL 752.1004; MSA 28.547(104). The statutes provide:

> A person who solicits, offers, or receives a kickback or bribe in connection with the furnishing of goods or services for which payment is or may be made in whole or in part pursuant to a program established under [the Social Welfare Act], who makes or receives the payment, *or who receives a rebate of a fee or charge for referring an individual to another person for the furnishing of goods and services* is guilty of a felony, punishable by imprisonment for not more than 4 years, or by a fine of not more than $30,000.00, or both. [MCL 400.604; MSA 16.614(4) (emphasis added).]
>
> A person who solicits, offers, pays or receives a kickback or bribe in connection with the furnishing of goods or services for which payment is or may be made in whole or in part by a health care corporation or health care insurer, *or who receives a rebate of a fee or charge for referring an individual to another person for the furnishing of health care benefits* is guilty of a felony, punishable by imprisonment for not more than 4 years, or by a fine of not more than $50,000.00, or both. [MCL 752.1004; MSA 28.547(104) (emphasis added).]

The circuit court quashed the information. It reasoned that the statutes are unconstitutional without a knowledge or "corrupt intent" element because the offenses could otherwise encompass innocent behavior. The court concluded that the statutes should apply only to those who knowingly engage in wrongful acts. The court then held that the district court erred in binding over defendants for trial because the prosecutor presented no evidence to establish that defendants intended to help CARE violate the statutes.

The prosecution argues that the circuit court erred in quashing the information because the offenses do not contain a knowledge or corrupt intent element. This Court reviews de novo the circuit court's decision to quash the information on legal grounds. *People v Thomas*, 438 Mich 448, 452; 475 NW2d 288 (1991). Moreover, the question whether the instant offenses include an intent element is one of statutory construction, which this Court likewise reviews de novo. *People v Quinn*, 440 Mich 178, 185; 487 NW2d 194 (1992); *People v Sheets*, 223 Mich App 651, 655; 567 NW2d 478 (1997). The plain language of the instant statutory offenses does not include a knowledge or corrupt intent element. Consequently, this Court must determine whether the Legislature actually intended to require an element of fault even though it did not expressly so state. *Quinn, supra* at 185. Where, such as with these offenses, the offense in question does not codify a common-law crime, this Court must ascertain whether the Legislature intended scienter as an element of the offense, or whether it intended to hold the offender liable regardless of what he knew or did not know.[1] *Id.* at 186. We conclude that the Legislature did not intend that the instant offenses include a corrupt intent element.

The available legislative history reveals that the Legislature did not intend to include a specific intent element in the offenses. The prohibition of rebates and referral charges first appeared in the original version of the MFCA that was introduced as Senate Bill 18

---

[1] *Morissette v United States*, 342 US 246; 72 S Ct 240; 96 L Ed 288 (1952), and its progeny do not apply in this case because the statutes do not codify common-law offenses. See *People v Perez-DeLeon*, 224 Mich App 43, 54-55; 568 NW2d 324 (1997).

on January 24, 1977. 1977 Journal of the Senate 40. The Legislature enacted the MFCA, 1977 PA 72, to fill a void in the law concerning fraudulent activity in connection with Medicaid. House Legislative Analysis, SB 18, June 27, 1977. The House Legislative Analysis observed that prosecutors had difficulty in obtaining convictions under then existing law because there were "few statutes which relate[d] to the specific criminal actions involved and few statutes applying penalties for such actions." *Id.* at 1. In 1982, the Legislature amended the MFCA to grant the Attorney General additional investigative powers. 1982 PA 518. Two years later, the Legislature again amended the MFCA and also enacted the HCFCA because the MFCA had not served its purpose. House Legislative Analysis, HB 5102 & 5103, December 19, 1984, p 1. The Legislature enacted the HCFCA to extend to private insurers and health care corporations the same protections against fraud that it afforded the Department of Social Services[2] in the MFCA. *Id.* at 2. The Legislature never sought to amend MCL 400.604; MSA 16.614(4) to include a corrupt intent element.

The Legislature's inclusion of a knowledge element in other sections of the MFCA and HCFCA further evinces its intent that the instant offenses not include a corrupt intent element. When construing a statute, this Court may not "assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then on the basis of that assumption, apply what is not there." *Farrington v Total Petroleum, Inc,* 442 Mich 201, 210; 501 NW2d

---

[2] The former Department of Social Services is now the Family Independence Agency. MCL 400.1; MSA 16.401.

76 (1993). Here, the Legislature included a knowledge element in the MFCA and HCFCA provisions pertaining to the filing of false claims. MCL 400.607; MSA 16.614(7), MCL 752.1003; MSA 28.547(103). Moreover, the Legislature specifically included a "corrupt" intent element in other statutes involving bribery and kickbacks. MCL 750.117; MSA 28.312 (public officers), MCL 750.118; MSA 28.313 (public officers), MCL 750.120; MSA 28.315 (jurors), MCL 750.121; MSA 28.316 (public institution).

The absence of a corrupt intent element in the instant offenses also furthers the underlying purposes of the MFCA and HCFCA by criminalizing conduct that fosters false claims. By their plain terms, MCL 400.604; MSA 16.614(4) and MCL 752.1004; MSA 28.547(104) criminalize the receipt of referral fees. The blanket prohibitions make those who engage in the business of providing goods and services responsible for ensuring that no referral fees are paid because they are in the best position to do so. Accordingly, the Legislature did not intend a corrupt intent element in these offenses.

In this case, the prosecution charged defendants under an aiding and abetting theory of culpability. Long ago, the Legislature abolished the distinction between principals and accessories. The pertinent statute provides:

> Every person concerned in the commission of an offense whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense. [MCL 767.39; MSA 28.979.]

"The requisite intent is that necessary to be convicted of the crime as a principal." *People v Kelly*, 423 Mich 261, 278; 378 NW2d 365 (1985). The instant offense is a general intent, not a specific intent, crime. The requisite intent is the intent to do the prohibited physical act, i.e. to receive a referral fee. See *People v Langworthy*, 416 Mich 630, 639; 331 NW2d 171 (1982); *People v Maleski*, 220 Mich App 518, 523; 560 NW2d 71 (1996). Therefore, to convict defendants as aiders and abettors, the prosecutor must prove that defendants intended that CARE receive a referral fee.

The circuit court erroneously determined that the statutes would be unconstitutional unless they contained a "knowledge" or "corrupt intent" element. A statute enjoys a presumption of constitutionality. *People v Hubbard (After Remand)*, 217 Mich App 459, 483; 552 NW2d 493 (1996). This Court must construe a statute as constitutional unless its unconstitutionality is clearly apparent. *Id.* at 483-484. This Court has held that "knowledge" is an element of many offenses in order to prevent innocent acts from constituting crimes. See *People v Watts*, 133 Mich App 80, 83; 348 NW2d 39 (1984). The Legislature's intent, however, generally controls regarding this issue. See *Quinn*, *supra* at 185. As previously discussed, the Legislature intended that the instant offenses contain a general intent, not a corrupt intent, element. Moreover, the circuit court's reasoning contravenes the deeply rooted rule that ignorance of the law or a mistake of law is no defense to a criminal prosecution. *Cheek v United States*, 498 US 192, 199; 111 S Ct 604; 112 L Ed 2d 617 (1991). Although the Legislature may decree otherwise by inserting a "willful" intent or knowledge element in the offense, see *Ratzlaf v United States*,

510 US 135, 149; 114 S Ct 655; 126 L Ed 2d 615 (1994), the Legislature did not do so in MCL 400.604; MSA 16.614(4) and MCL 752.1004; MSA 28.547(104).

Further, in previous cases in which this Court has held that "knowledge" is an element of the offense, the element is one of general intent, not corrupt intent. *People v Petro*, 342 Mich 299, 306; 70 NW2d 69 (1955) (plurality opinion); *Watts, supra* at 83. In *People v Lardie*, 452 Mich 231; 551 NW2d 656 (1996), the Court explained the distinction between specific intent, general intent, and strict liability crimes:

> Specific intent is defined as a particular criminal intent beyond the act done, whereas general intent is merely the intent to perform the physical act itself. *People v Beaudin*, 417 Mich 570, 573-574; 339 NW2d 461 (1983); *People v Langworthy*, 416 Mich 630, 639, 644; 331 NW2d 171 (1982). For a strict-liability crime, the people need only prove that the act was performed regardless of what the actor knew or did not know. *Quinn supra* at 188. On this basis, the distinction between a strict-liability and a general-intent crime is that, for a general-intent crime, the people must prove that the defendant purposefully or voluntarily performed the wrongful act, whereas, for a strict-liability crime, the people merely need to prove that the defendant performed the wrongful act, irrespective of whether he intended to perform it. [*Lardie, supra* at 240-241.]

Under MCL 400.604; MSA 16.614(4) and MCL 752.1004; MSA 28.547(104), this distinction is important in prosecutions using an aiding and abetting theory because some people who assist in the receipt of a referral fee, such as a person who drafts the check that is used as payment, may not know that they are paying a referral fee. These people frequently would lack the requisite intent to support a conviction under the statute because they would not have intended

that the provider receive a referral fee when they aided the commission of the crime. Thus, contrary to the circuit court's conclusion, innocent actors would not face criminal punishment under the statutes.

The circuit court additionally erred in determining that the statutes' coverage is overly broad. The due process challenge applicable to the instant statutes is for vagueness.

> A statute may be challenged for vagueness on three grounds: (1) it does not provide fair notice of the conduct proscribed; (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; and (3) its coverage is overly broad and impinges on First Amendment freedoms. [*Hubbard*, *supra* at 484.]

Regarding the fair notice requirement, this Court has explained:

> It is a basic principle of due process that a legislative enactment is void for vagueness if the enactment does not provide fair notice of the conduct proscribed. To give fair notice of proscribed conduct, a statute must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited. The statute cannot use terms that require persons of common intelligence to guess at the statute's meaning and differ regarding its application. [*People v Perez-DeLeon*, 224 Mich App 43, 46-47; 568 NW2d 324 (1997), quoting *Sanchez v Lagoudakis*, 217 Mich App 535, 555; 552 NW2d 472 (1996) (citations omitted).]

This Court reviews vagueness challenges in light of the facts at issue when, such as in this case, the challenges do not implicate First Amendment freedoms. *People v Lino*, 447 Mich 567, 575; 527 NW2d 434 (1994); *Perez-DeLeon, supra* at 47.

MCL 400.604; MSA 16.614(4) and MCL 752.1004; MSA 28.547(104) provide fair notice of the proscribed conduct because they give an ordinary person of reasonable intelligence a reasonable opportunity to know what is prohibited. The statutes are not so indefinite as to give a trier of fact unlimited discretion to determine whether a violation took place. To the contrary, the statutes criminalize a specific business practice. The statutes prohibit the "receipt of a rebate of a fee or charge for referring an individual to another person" for the furnishing of health care benefits or for the furnishing of goods and services for which payment is or may be made in whole or in part by Medicaid. MCL 400.604; MSA 16.614(4), MCL 752.1004; MSA 28.547(104). Because the statutes do not use terms that require people of common intelligence to guess at their meaning, the circuit court erred in determining that they would be unconstitutional in the absence of a corrupt intent element. Therefore, the circuit court erred in quashing the information.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.