651 N.W.2d 69 (2002)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Kalomo Bhoke COHEN, Defendant-Appellant.
Docket No. 118247, COA No. 214032.
Supreme Court of Michigan.
September 27, 2002.
By order of January 23, 2002, the application for leave to appeal from the December 1, 2000 decision of the Court of Appeals was held in abeyance pending the decision in People v. Sherman-Huffman (Docket No. 117468). On order of the Court, the decision having been issued on April 24, 2002, 466 Mich. 39, 642 N.W.2d 339 (2002), the application is again considered, and it is DENIED, because we are *70 not persuaded that the questions presented should be reviewed by this Court.
CORRIGAN, C.J., concurs and states as follows:
I concur in the order denying leave to appeal. I write separately to urge correction of CJI2d 30.3, the standard instruction for the offense of unauthorized possession of a financial transaction device, M.C.L. § 750.157n(1). CJI2d 30.3 contains an element the intent to defraud or cheat that has no basis in the text of the statute.
A jury found that defendant violated M.C.L. § 750.157n(1) by knowingly possessing three credit cards without their owner's consent. The trial judge sentenced defendant, a fourth-felony habitual offender,[1] to three concurrent two- to fifteen-year prison terms. The Court of Appeals affirmed.[2]
That is the correct result, but the Court of Appeals wrongly assumed that the offense contains a specific intent element, relying on dicta in People v. Ainsworth, 197 Mich.App. 321, 325, 495 N.W.2d 177 (1992). The Court of Appeals cited CJI2d 30.3, which sets forth an "intent to defraud or cheat" element for this offense. MCL 750.157n(1), however, does not require proof of such an intent.

I. FACTUAL AND PROCEDURAL BACKGROUND
Following defendant's arrest on another offense, an inventory search of his automobile revealed a wallet that contained credit cards belonging to Alonna Hogan. Defendant had recently been treated at a hospital emergency room where Hogan worked as a receptionist. Hogan testified that her duties often required her to leave her desk at which she kept her purse. Defendant claimed that he had found the wallet at a gas station and had no intent to defraud or cheat anyone.
In the absence of direct proof that defendant stole the credit cards during his emergency room visit, the prosecutor charged defendant under M.C.L. § 750.157n(1), which makes it a felony to knowingly possess another person's "financial transaction device" without that person's consent.[3] That statute provides, in relevant part:
A person who ... knowingly possesses... a financial transaction device without the consent of the deviceholder, is guilty of a felony.
The three charges identified three credit cards that were in the wallet when the police found it.
The case proceeded to trial. The court instructed the jury with the following customized version of CJI2d 30.3.[4]
*71 The defendant is charged with three counts of the crime of retaining or possessing someone else's credit card without that person's consent. To prove this charge the Prosecutor must prove each of the following elements beyond a reasonable doubt: First, that the Defendant obtained possession of or retained a credit card; second, that the Defendant did this knowingly; third, that the Defendant did this without Alana [sic] Hogan's consent; and fourth, that the Defendant intended to defraud or cheat someone. [Emphasis added.]
The jury found defendant guilty on all three counts.
On appeal, defendant argued that the prosecution had failed to present sufficient evidence of an "intent to defraud or cheat." The Court of Appeals accepted defendant's premise that the charged offense includes a specific intent element. See Ainsworth, supra, and CJI2d 30.3. It nonetheless concluded that the circumstantial evidence was sufficient to establish that intent. Defendant now seeks leave to appeal to this Court.[5]

II. ANALYSIS
I respectfully disagree with the Court of Appeals assumption that M.C.L. § 750.157n(1) contains a specific intent element. When interpreting statutory language, our obligation is to discern and give effect to the legislative intent that may reasonably be inferred from the words expressed in the text. Koontz v. Ameritech Services, Inc., 466 Mich. 304, 312, 645 N.W.2d 34 (2002). As discussed, M.C.L. § 750.157n(1) states:
A person who ... knowingly possesses... a financial transaction device without the consent of the deviceholder, is guilty of a felony.
The adverb "knowingly" is derived from the verb "know" and, more directly, from the adjective "knowing," which is defined as "having knowledge or information; ... conscious; intentional; deliberate." Random House Webster's College Dictionary (2000). The word "knowingly" simply does not encompass a specific intent to defraud or cheat; it merely requires proof of a general criminal intent. Our Court of Appeals has reached a similar conclusion when considering the element of "knowledge" in the context of other offenses. See People v. Motor City Hosp. & Surgical Supply, Inc., 227 Mich.App. 209, 216, 575 N.W.2d 95 (1997); People v. Watts, 133 Mich.App. 80, 83, 348 N.W.2d 39 (1984).
In Ainsworth, the Court of Appeals declared in dicta that the offense in question here is "a specific intent crime," 197 Mich.App at 325, 495 N.W.2d 177, but offered no reasoning to support that assertion. Ainsworth does not expressly refer to or require proof of an intent to cheat or defraud; it merely refers vaguely to "specific intent."
The drafters of CJI2d 30.3 created a specific "[intent] to cheat or defraud" element out of whole cloth. They may have feared that without such an element, M.C.L. § 750.157n(1) would be unconstitutionally overbroad.[6] In other words, the drafters may have believed that the statutory language encompassed innocent behavior, such as the possession of a lost *72 credit card by a person who finds it and intends to promptly return it to the owner or give it to the authorities.
Any such concerns were misplaced. Innocent behavior is not criminalized because the statute requires proof of a general criminal intent, i.e., mens rea. The statute uses the term "knowingly." That word is one of the terms used at common law and in penal codes to describe a culpable mental state. Torcia, Wharton's Criminal Law (14th edition), § 27, p. 136. This common-law requirement ordinarily remains an element for offenses created by statute. People v. Rice, 161 Mich. 657, 664, 126 N.W. 981 (1910).
Our Court of Appeals has recognized that the element of general criminal intent shields innocent conduct from the reach of the criminal law. In Watts, supra at 83, 348 N.W.2d 39, the Court of Appeals discussed the analogous offense of receiving and concealing stolen property, M.C.L. § 750.535. It concluded that the offense was a general intent crime. The Court noted that "the element of knowledge that the property was previously stolen in the crime of receiving and concealing stolen property was intended to prevent the innocent receipt or possession of stolen property from constituting the commission of the crime...." Id.
The requirement in M.C.L. § 750.157n(1) that a defendant "knowingly" possess another person's financial transaction device without the device holder's consent shields innocent behavior from the reach of the statute. An innocent person who happens to find a lost credit card and does not entertain a culpable mental state in concurrence with the possession of the card would not violate the statute. This knowledge element, however, does not convert the offense into a "specific intent" crime.
In short, no legal authority supports the creation of the intent to cheat or defraud element in the standard instruction. I urge the Committee on Standard Criminal Jury Instructions to correct the instruction.

III. APPLICATION TO THIS CASE
Because the statute does not require proof of a specific intent to defraud or cheat, the trial court erred by instructing on that element. This error did not affect defendant's substantial rights because it permitted him to advance a theory that would not otherwise have been available, and it required the prosecution to prove an additional element. Therefore, reversal of defendant's convictions is not required, People v. Carines, 460 Mich. 750, 763, 597 N.W.2d 130 (1999), and the Court of Appeals reached the correct result.
NOTES
[1] MCL 769.12(1)(b).
[2] Unpublished opinion per curiam, 2000 WL 33399236, issued December 1, 2000 (Docket No. 214032).
[3] A person who steals, knowingly takes, or knowingly removes a financial transaction device from the person or possession of a deviceholder, or who knowingly retains, knowingly possesses, knowingly secretes, or knowingly uses a financial transaction device without the consent of the deviceholder, is guilty of a felony. [MCL 750.157n(1).]
[4] (1) The defendant is charged with the crime of [taking/stealing/removing/retaining/hiding/possessing/ using] someone else's [name financial transaction device] without that person's consent. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

(2) First, that the defendant [obtained possession of/retained/hid/used] [name device].
(3) Second, that the defendant did this knowingly.
(4) Third, that the defendant did this without [name deviceholder]'s consent.
(5) Fourth, that the defendant intended to defraud or cheat someone. [CJI2d 30.3 (emphasis added).]
[5] We held this appeal in abeyance pending our decision in People v. Sherman-Huffman, 466 Mich. 39, 642 N.W.2d 339 (2002).
[6] Of course, even if the statute were unconstitutional, neither the courts nor the drafters of the standard jury instructions would have authority to rewrite it. That task is a legislative one allocated to the elected representatives of the people under our system of government.