# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JON SAJD ABID,

Defendant-Appellant.

UNPUBLISHED
March 13, 2018

No. 336748
Oakland Circuit Court
LC No. 2016-258164-FH

---

Before: MURRAY, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals his conviction, following a jury trial, of manufacturing marijuana, MCL 333.7401(1), (2)(d)(*iii*). The trial court sentenced defendant to two days in jail, with credit for two days' served, and 18 months of probation. When the police executed a search warrant at the residence of Christopher Hakim, defendant was observed spraying marijuana plants in a basement grow room. Defendant was standing near Hakim, who was also observed tending to the plants. Defendant appeals as of right, and we affirm.

Defendant first argues on appeal that the trial court erred by excluding evidence of Hakim's medical marijuana registry card. We disagree.

"A trial court's decision to admit evidence is reviewed for an abuse of discretion." *People v Buie*, 298 Mich App 50, 71; 825 NW2d 361 (2012). The trial court does not abuse its discretion when it chooses an outcome within the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

The Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, provides "very limited circumstances in which persons involved with the use of marijuana, and who are thereby violating the [public health code], may avoid criminal liability." *Michigan v McQueen*, 293 Mich App 644, 659; 811 NW2d 513 (2011) (citations omitted), aff'd on other grounds 493 Mich 135 (2013). " '[T]he medical use of marihuana is allowed under state law to the extent that it is carried out in accordance with the provisions of [the MMMA].' " *Id.*, quoting MCL 333.26427(a).

> The MMMA provides a registration system for "qualifying patients" and "primary caregivers." The MDCH shall issue a "registry identification card" to a "qualifying patient," defined as "a person who has been diagnosed by a physician

-1-

as having a debilitating medical condition," MCL 333.26423(h), and who submits the necessary application and information, MCL 333.26426(a) and (c). If the qualifying patient has a "primary caregiver," defined as "a person who is at least 21 years old and who has agreed to assist with a patient's medical use of marihuana," MCL 333.26423(g), the qualifying patient shall inform the MDCH of the primary caregiver and state whether the qualifying patient or the primary caregiver will possess marijuana plants for the qualifying patient's medical use, MCL 333.26426(a)(5) and (6). If the MDCH approves the qualifying patient's application and the qualifying patient has identified a primary caregiver, the MDCH shall also issue a registry identification card to the primary caregiver. MCL 333.26426(d). The registry identification cards must have a clear designation whether the qualifying patient or the primary caregiver is allowed to possess marijuana plants. MCL 333.26426(e)(6). "[E]ach qualifying patient can have no more than 1 primary caregiver, and a primary caregiver may assist no more than 5 qualifying patients with their medical use of marihuana." MCL 333.26426(d). [*McQueen*, 293 Mich App at 660.][1]

Here, defendant was charged with manufacturing marijuana, MCL 333.7401(1), (2)(d)(*iii*), after he was observed spraying one of 26 marijuana plants at the home of Hakim, who was also observed tending to the plants. Defendant was tried under the theory that he aided and abetted Hakim in manufacturing the marijuana. Accomplices to crimes may be prosecuted under an aiding and abetting theory. *People v Robinson*, 475 Mich 1, 5-6; 715 NW2d 44 (2006). A conviction under an aiding and abetting theory requires that

> (1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that [the defendant] gave aid and encouragement. [*Id*. at 6 (citation and quotation marks omitted).]

"Generally, all relevant evidence is admissible at trial." *People v Aldrich*, 246 Mich App 101, 114; 631 NW2d 67 (2001). See also MRE 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. "Under this broad definition, evidence is admissible if it is helpful in throwing light on any material point." *Aldrich*, 246 Mich App at 114. "The relationship of the elements of the charge, the theories of admissibility, and the defenses asserted governs what is relevant and material." *People v Yost*, 278 Mich App 341, 403; 749 NW2d 753 (2008) (citation and quotation marks omitted).

---

[1] MCL 333.26423(h) is now MCL 333.26423(l) and MCL 333.26423(g) is now MCL 333.26423(k). MCL 333.26426(6) has been renamed MCL 333.26426(7). None of these statutory changes impact our analysis.

Defendant argues that the evidence relating to Hakim possessing a medical marijuana registry card should have been admitted at trial where it bore directly on defendant's intent to commit the charged offense. In order to convict a defendant of the unlawful manufacture of marijuana, the prosecution must prove that "(1) the defendant manufactured a substance, (2) the substance manufactured was [marijuana], and (3) the defendant knowingly manufactured [marijuana]." *People v Bosca*, 310 Mich App 1, 23; 871 NW2d 307 (2015). To the extent that defendant wished to present evidence to the jury suggesting that he did not have the requisite intent because he thought Hakim was a registered patient or caregiver under the MMMA, any impression defendant had that Hakim was legally possessing the marijuana based on his medical marijuana registry card was a mistake of law. Put another way, where the parties do not dispute that Hakim did not have a defense and was not immune from prosecution under §§4 or 8 of the MMMA,[2] "ignorance of the law or a mistake of law is no defense to a criminal prosecution." *People v Motor City Hosp & Surgical Supply, Inc*, 227 Mich App 209, 215; 575 NW2d 95 (1997). Additionally, we disagree with defendant that evidence concerning whether Hakim possessed a medical registry card was relevant to defendant's intent as an aider and abettor where his defense theory at trial focused not on whether Hakim was lawfully growing the marijuana, but on whether defendant could be found guilty of manufacturing marijuana where, according to defendant, he simply held a hose and watered the marijuana plants for a very short period of time. Under these circumstances, the trial court did not abuse its discretion in excluding evidence of Hakim's medical marijuana registry card.

Next, defendant argues that he was denied his right to a fair trial where the prosecution improperly commented in closing argument on facts not in evidence. We disagree.

"Unpreserved claims of prosecutorial misconduct are reviewed for plain error affecting substantial rights." *People v Norfleet*, 317 Mich App 649, 660 n 5; 897 NW2d 195 (2016).[3]

"[T]he test of prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). "A prosecutor may not make a statement of fact to the jury that is not supported by evidence presented at trial and may not argue the effect of testimony that was not entered into evidence." *People v Unger*, 278 Mich App 210, 241; 749 NW2d 272 (2008). "Prosecutorial comments must be read as a whole and evaluated in light of defense arguments and the relationship they bear to the evidence admitted at trial." *People v Rodriguez*, 251 Mich App 10, 30; 650 NW2d 96 (2002). Prosecutors have "great latitude regarding their arguments" in closing, and are "generally free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *Unger*, 278 Mich App at 236.

---

[2] Defendant acknowledges in his brief on appeal that he "does not challenge the [trial] court's determination that defendant was not entitled to a defense that he participated in growing marijuana in compliance with the MMMA[.]"

[3] While defendant did object to the prosecution's comment during closing argument, he did not request a curative instruction, rendering this issue unpreserved. *People v Solloway*, 316 Mich App 174, 201; 891 NW2d 255 (2016).

Defendant challenges a statement that the prosecution made during closing argument, essentially raising the question whether Hakim would have let defendant spray the marijuana plants if defendant did not know how to spray marijuana plants. After trial counsel objected, the trial court sustained his objection. According to defendant, it was improper for the prosecution to make this statement, where the prosecution was asserting what Hakim's state of mind was, given that Hakim did not testify. Considering the prosecution's statements in context, it is important to note that the prosecution's challenged statement was made in rebuttal following trial counsel's closing argument. In his closing argument, trial counsel questioned whether defendant could be found culpable of manufacturing marijuana under an aiding and abetting theory where defendant merely held the hose watering the marijuana plants for a matter of seconds, and defendant, according to trial counsel, did not participate in the complicated and lengthy process of manufacturing marijuana. Trial counsel went so far as to characterize defendant as an unwitting participant in the grow operation, comparing the prosecution's attempt to prosecute him for manufacturing marijuana where he was holding a hose as similar to prosecuting an innocent individual who holds an eyedropper full of water to water a marijuana plant. In response, the prosecution urged the jurors to employ their common sense, and recounted the value of the marijuana plants, noting their approximate potential value of $180,000. Additionally, the prosecution questioned whether Hakim would have let defendant spray the plants if defendant was unaware how to do so, given the significant value of the plants. Where the approximate potential value of the marijuana plants was entered into evidence, and the prosecution was responding to trial counsel's assertions, we are not persuaded that the prosecution's arguments were improper. Moreover, in its final instructions, the trial court instructed the jury that it should consider only properly admitted evidence, and that "[t]he lawyers' statements and arguments are not evidence." We presume that jurors follow their instructions. *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). We are satisfied that the trial court's instructions were "sufficient to eliminate any prejudice that might have resulted from the prosecutor's remark[ ]." *People v Thomas*, 260 Mich App 450, 454; 678 NW2d 631 (2004).[4]

Finally, defendant argues that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that he committed the charged offense. We disagree.

"Due process requires that, to sustain a conviction, the evidence must show guilt beyond a reasonable doubt." *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). To determine if the prosecution produced evidence sufficient to support a conviction, this Court considers "the evidence in the light most favorable to the prosecutor[ ]" to ascertain " 'whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt.' " *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010), quoting *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002). Direct and circumstantial evidence, as well as all reasonable

---

[4] While defendant also asserts, in an unpreserved claim, that the prosecution's statement violated the Confrontation Clause, we note that the prosecution's statement was non-testimonial in nature, and therefore did not violate the Confrontation Clause. *People v Taylor*, 482 Mich 368, 377, 378; 759 NW2d 361 (2008).

inferences that may be drawn, are considered to determine whether the evidence was sufficient to sustain the defendant's conviction. *Hardiman*, 466 Mich at 429. Defendant was convicted of aiding and abetting Hakim in the manufacture of marijuana. As stated, accomplices to crimes may be prosecuted under an aiding and abetting theory. *Robinson*, 475 Mich at 5-6.

To the extent that defendant contends he was merely present in Hakim's basement, we acknowledge that a defendant's "mere presence" is not sufficient to establish that the defendant aided in the commission of a crime, even where the defendant was aware that the crime was being committed. *People v Norris*, 236 Mich App 411, 419-420; 600 NW2d 658 (1999). "[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008). The record evidence in this case established that the police executed a search warrant of a marijuana growing operation, for which Hakim was the target. Defendant was previously unknown to the police. There was a sign on a basement door of the home identifying the grow room as Hakim's. The police concluded that the large amount of marijuana was grown for bulk sale because of the way it was packaged, the large-scale equipment present in the home's basement, and because of the different phases of growth of the plants. Additionally, the police found grow supplies, such as 55-gallon drums of water, fertilizer, ballasts for lights, a grow schedule, plant food, and 32 smaller marijuana plants in rooms adjacent to the grow room. In a living room area of the basement, the police found two buckets containing a total of 3.2 pounds of loose marijuana, with marijuana wax on a table. The basement grow room had a ventilation system, heated grow lamps, tarps, a fan, orange buckets like those in the living area, and 26 mature marijuana plants. Defendant was observed standing in the grow room, holding a hose and spraying a marijuana plant, with Hakim standing nearby. Viewed in the light most favorable to the prosecution, the record evidence amply supported the jury's finding that defendant, actively assisting Hakim in the cultivation of marijuana plants in a grow operation, was engaged in the manufacture of marijuana. Defendant's claim that the evidence was not sufficient to support his conviction is without merit.

Affirmed.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood